BERNHEIM v. BOEHME.

(Circuit Court of Appeals, Third Circuit. April 8, 1896.)

No. 6.

1. PATENTS—ANTICIPATION—CATCHES FOR SATCHELS.
    The Lieb patent, No. 242,944, for catches for traveling bags and satchels, *held* void because of anticipation by the Lagowitz spring catch. 67 Fed. 547, affirmed.

2. SAME—LIMITATION OF CLAIM—PRIOR ART.
    The Flecke patent, No. 303,716, for catches for traveling bags and satchels, if sustainable at all, must, in view of the prior state of the art, as shown by the Lagowitz spring catch, be limited to a catch having three cam projections placed equidistant on the shaft, and is not infringed by a catch having but two such projections.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a bill in equity by Gustav Bernheim against Albert Boehme for alleged infringement of letters patent No. 242,944, granted to John W. Lieb June 14, 1881, and No. 303,716, granted to Robert Flecke August 19, 1884. The circuit court held both patents void for want of invention, in view of the prior state of the art. 67 Fed. 547. Complainant appeals.

Louis C. Raegener, for appellant.
Jonathan Marshall, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The decree in this case must be affirmed; and with slight modification the opinion of the circuit court may be adopted as an expression of our views.

Taylor's device does not we think anticipate either of those sued upon. It contains substantially the same elements; but the parts are not so constructed and combined as to render it applicable to the use for which they are designed. No doubt the construction

and combination might readily be changed so as to render it applicable to this use; but it does not follow that the necessary changes are so obvious that an ordinary mechanic would see, and make them.

Lagowitz's device we think anticipates Lieb's. In construction, combination and operative effect, the two are in all material respects indistinguishable.

As respects the other device sued upon (Flecke's) the resemblance to Lagowitz's is not so close. There are differences, which though slight affect and vary their operation. There may be room to doubt whether the differences are sufficient to sustain the Flecke patent. Possibly with the presumption of validity in its favor, it should be sustained. It is unnecessary however to decide this question; for if the patent may be sustained the respondent's device must be held not to infringe. It is certainly as easy to distinguish his from Flecke's, as it is to distinguish Flecke's from Lagowitz's. The claim involved reads as follows:

"The improved spring catch or fastener for a bag frame, the same consisting of a box, a, having therein a spring, c, and a pivotal shaft with ears at each end thereof, adapted to hold the section of the bag frame together, and having three cam projections disposed at equal distances apart around the said shaft, to engage the spring whereby the ears may be turned to a catching relation to the said frame or to either a right or left outwardly-projecting position from the frame, substantially as set forth."

The novelty thus described consists in the *three cam projections*, placed equidistant on the shaft. The respondent has but *two* such projections; and but one distinct cam surface. In the complainant's specifications it said:

"I do not wish to be understood as limiting myself to a bar, e, having projections upon it, inasmuch as a plain round bar might be employed, the friction of the spring alone serving to hold the ears in position."

If, however, this language is read into the claim the device described is rendered indistinguishable from Lagowitz's and the patent is consequently invalidated. The subject need not be pursued. It is clear that to sustain Flecke's patent it is necessary to confine it to the special structure claimed, and that when thus confined the respondent does not infringe.