J. G. BRILL CO. v. WILSON et al.

(Circuit Court, E. D. Pennsylvania. June 29, 1896.)

PATENTS—INVENTION—STREET-RAILWAY SUMMER CARS.

The Brill patent, No. 315,898, for improvements in summer cars for street or tram railways, consisting mainly in the use of metal, instead of wooden, panels for the ends or sides of the car seats, is void for want of invention.

This was a suit in equity by the J. G. Brill Company against Edward H. Wilson and others, trading as E. H. Wilson & Co. and as the Lamokin Car Works, for alleged infringement of a patent.

Francis Rawle, for complainant.
Bernard Gilpin, for respondents.

ACHESON, Circuit Judge.    The defendants are charged with the infringement of letters patent No. 315,898, granted on April 14, 1885, to George Martin Brill, for improvements in summer cars for street or tram railways.    The nature and object of the alleged invention are thus set forth in the specification:

"My invention has relation to that form of cars for street or tram railways known as 'open or summer cars,' and of that kind provided with transverse seats, and has particular reference to the panels for the ends or sides of the seats, and the manner of securing the panels, seat-arms, and frames to one another, and the panels to the sill-pieces of the car. Heretofore these panels have been made of thin wood or veneering, suitably backed, and provided with strengthening ribs or cleats, and screwed to the side posts and seat-

frames. These wooden panels, being extremely light and frail, soon crack or break, and are susceptible of being readily damaged, besides which, as they do not provide any support for or strengthen the connections of the seat-frame and side posts, the latter have to be made of extra thickness, in order to obtain the requisite strength for supporting the seat-frames, and in many cases bent or curved or other metal braces or bars attached to the side posts are used for supporting the seat-frames. My invention has for its object to overcome the above-described objections, or to provide a summer or open street car with panels which are not liable to cracks, cannot be readily damaged, and which form a support for the seat-frame, and strengthen the side-post connections, whereby the thickness of said posts may be reduced, and all sustaining braces or bars for the seat-frame are dispensed with. My invention accordingly consists of the combination, construction, and arrangement of parts, as hereinafter described and claimed, having reference particularly to a curved or other appropriately configured panel made of metal, and provided with inwardly projecting lugs, with bolt or screw holes at its bottom and near its top, and with cups or boxes for supporting the ends of foot bars or rungs; second, to a summer car having side-panels bolted to the sill-pieces, and having supporting lugs for the ends of the seat-frame, which is secured to the panels by a bolt connection known as a 'bed-post bolt'; and, third, to a like car having metal panels supporting the seat-frame and the ends of the foot bars or rungs."

Then, after a particular description of the several parts, the specification further states:

"It is evident, therefore, that the use of the metal panels, F, affords strong and durable end supports for the seat-frames and attached parts, and that said parts may be of a lighter construction than has heretofore been employed in the above-described class of street cars."

All the claims of the patent are for combinations, and the panel is an element in each of them. One cannot read the above extracts from the specification, especially in connection with the plaintiff's proofs, without perceiving that a "panel made of metal" is the great feature of this patented improvement. The other described details of construction and arrangement are incidental and subordinate. It will be observed that the specification states that "heretofore these panels have been made of thin wood or veneering, suitably backed." In substance, the representation is here made that metal panels for the ends or sides of car seats had never been used in the construction of street cars before the described improvement was devised. Now, had this been true, the patent possibly might be sustained. Smith v. Vulcanite Co., 93 U. S. 486. But the proof is clear that as early as the year 1878 the plaintiff built a street car, in which the panels for the ends or sides of the car seats were made of metal; and this car was successfully used on the Thirteenth & Fifteenth Streets Passenger Railway (Philadelphia) in March, 1879, and thereafter. It is also shown that in 1883 the plaintiff built and delivered to the East Saginaw Company four cars equipped with metal panels of the same construction. Moreover, the metal panel of the Thirteenth & Fifteenth Streets car structure was used in connection with a post, the latter, however, being on the outside of the panel, whereas the post of the patented structure is on the inner side of the panel. Had this old car structure been brought to the attention of the patent-office examiner, it may be confidently affirmed, in view of the contents of the file wrapper, that the patent would not have been allowed, but

the original rejection would have been adhered to.    The evidence now produced, I think, completely overthrows the presumption of patentability arising from the grant of the patent.    There is no novelty in any of the elements of the combinations, and all these elements had been used previously in street cars for the like purposes as in the patented structure.    Whatever may be new in the construction and arrangement of parts seems to have been the result of mere good judgment, and the natural outgrowth of mechanical skill. Brown v. District of Columbia, 130 U. S. 87, 9 Sup. Ct. 437;  Florsheim v. Schilling, 137 U. S. 64, 11 Sup. Ct. 20.    The improvement of the patent, at the most, was the mere carrying forward to better results of the original idea embodied in the car structure of 1878, and therefore was not invention.    Smith v. Nichols, 21 Wall. 112, 119;  Burt v. Evory, 133 U. S. 349, 10 Sup. Ct. 394;  Belding Manuf'g Co. v. Challenge Corn-Planter Co., 152 U. S. 100, 107, 14 Sup. Ct. 492.    If the Brill patent could be sustained, then, in view of the prior state of the art, the plaintiff would be limited to the precise form and arrangement of parts described and shown in the patent.    Bragg v. Fitch, 121 U. S. 478, 7 Sup. Ct. 978.    Under such a construction of the patent it is questionable whether infringement is shown.    The post of the patent is mortised into the sill, whereas the defendants' post is not let into the sill, but fits in a metal socket or cup on the bottom of the panel, and is held by a rib on the interior of the panel.    These differences are slight, it is true;  but where the patented improvement itself is so slight, there is great force in the suggestion that these differences are sufficient to avoid the charge of infringement.    Bernheim v. Boehme, 20 C. C. A. 31, 73 Fed. 833;  Bragg v. Fitch, supra. This point, however, was not much discussed, and I express no positive opinion thereon, but place my decision upon the lack of invention.

Let a decree be drawn dismissing the bill, with costs.