BERRY v. WYNKOOP-HALLENBECK-CRAWFORD CO. et al.

(Circuit Court, S. D. New York. January 6, 1897.)

PATENTS—INVENTION—IMPROVEMENT IN CHECKS, ETC.

The Berry patent, No. 268,988, for an improvement in checks or other papers representing value, and consisting in providing them with marginal tables of figures, to be torn off, so as to prevent raising or altering of the amount, is void for want of invention, in view of the prior state of the art.

This was a suit in equity by Marcellus F. Berry against the Wynkoop-Hallenbeck-Crawford Company et al. for alleged infringement of a patent for an improvement in checks or other papers representing value.

W. L. Goldsborough and Edwin H. Brown, for complainant.

Robert G. Monroe and Wallace Macfarlane, U. S. Dist. Atty., for defendants.

COXE, District Judge. This suit is based on letters patent No. 268,988, granted December 12, 1882, to the complainant for an improvement in checks or other papers representing value. The object of the patentee was to devise a plan which would prevent checks, money orders, certificates and similar papers from being raised or altered, by providing them with marginal tables of figures of different denominations which are to be torn so as to indicate the amount for which the paper is intended. After this is done any alteration must necessarily reduce the value of the paper. A special arrange-

ment is suggested where it becomes important not to have the face value of the paper lowered. The claim is for:

"A check or other paper representing value provided with a table comprising one or more compound columns, each composed of two or more simple columns of figures of different denominations, the simple columns in each compound column being arranged out of line with and one below another, substantially as and for the purpose herein described."

The defenses are: First. That the corporation defendant is improperly joined with the individual defendants, the causes of action against them being separate and distinct. This by way of demurrer. Second. That the infringement complained of consists in making money orders for the government upon paper, and by the use of plates, owned and controlled by the United States. An injunction would in effect, therefore, be one restraining the United States. Third. Lack of invention.

At the date of the patent it was not new to arrange figures in consecutive order one above the other from 1 to 9 or from 10 to 90 and it was not new to indicate the amount for which a check was drawn by punching out or tearing off the appropriate figures. The scheme of the patent was old in principle and in all its main features as well. The patentee's departure from the prior art relates to matters of arrangement and detail only. Grant that in these respects, especially as embodied in the attractive money order printed by the defendants, his plan is more symmetrical and complete than any that preceded it.

The court is unable to perceive how, from a patentable point of view, it adds anything to other prior devices; the Stanfield device, for instance. Stanfield's patent is dated May, 1873. It relates to English currency. Some of his drawings are illustrated by Roman numerals and there are other differences which may well be accounted for by different environment and the lapse of nine years. It is thought, however, that any intelligent clerk in the post-office establishment with the Stanfield patent before him could have devised the money order which is the subject of this controversy. Stanfield tears the check upon lines previously perforated for that purpose, but, of course, it is wholly immaterial whether the paper be torn in this way or by using a rule. Regarding two of his drawings he says:

"The check represented by Fig. 3 is to be torn off at the red line, leaving all the smaller figures on the check between the perforations up to the amount required, the larger ones remaining attached to the counterfoil in check book. * * * In the check represented by Fig. 5 all figures on the right of red line between perforations would remain on check and those to the left would remain attached to counterfoil."

In Fig. 5 Roman, instead of Arabic, numerals are used, but they are arranged in three vertical rows which are "out of line with and one below another." Compare the Stanfield check with the claim of the patent in suit and it will be found to satisfy every element of the claim unless it be unreasonably restricted. Had Stanfield never lived and had the defendants been the first to use a device like his it is probable that the claim of infringement would be made as

now, the complainant contending that the changes were merely ingenious attempts at evasion.

The court is constrained to hold that the patent is invalid for want of invention. Munson v. Mayor, etc., 124 U. S. 601, 8 Sup. Ct. 622; Machine Co. v. Pennock & Sharp, 77 O. G. 633, 17 Sup. Ct. 1; Brill Co. v. Wilson, 77 O. G. 1937, 75 Fed. 1002; Manufacturing Co. v. Cooke, 73 Fed. 685. It is unnecessary to consider the other defenses. The defendants are entitled to a decree dismissing the bill with costs.